Elsa **MARTINEZ, et al., Plaintiffs,**

v.

**MIAMI–DADE COUNTY, et al., Defendants.**

**Case No. 12–23534–CIV.**

United States District Court, S.D. Florida.

Sept. 30, 2013.

Robert Timothy Vannatta, R. Timothy Vannatta, Esq., P.A., Ft. Lauderdale, FL, for Plaintiffs.

Ezra Saul Greenberg, Miami, FL, Rhea Pincus Grossman, Michael Braverman, Richard Francis Della Fera, Entin & Della Fera, Fort Lauderdale, FL, for Defendants.

### ORDER GRANTING IN PART BLUE MARTINI'S MOTION TO DISMISS CROSS–CLAIM

PATRICIA A. SEITZ, District Judge.

THIS MATTER is before the Court on Blue Martini Kendall, LLC and Blue Martini Kendall, Inc.'s Motion to Dismiss Miami–Dade County's Cross–Claim [DE–49] and Miami–Dade County's response [DE–54]. Blue Martini Kendall, LLC and Blue Martini Kendall, Inc. (jointly, Blue Martini) have not filed a reply. This action arises from an incident outside of the Blue Martini's bar/restaurant/night club in Miami, when off-duty police officers working security for Blue Martini allegedly battered and arrested Plaintiffs. Miami–Dade County filed a cross-claim against Blue Martini alleging claims for indemnity,

contribution, and bad-faith. Blue Martini seeks to dismiss all three claims. Because Miami–Dade County has adequately alleged claims for contribution and indemnification, the motion is denied as to those claims. However, the motion is granted as to Miami–Dade County's bad faith claim because Florida does not recognize such a cause of action.

## I. Facts Alleged in the Complaint and Cross–Claim [1]

On October 3, 2010, Plaintiffs were at Blue Martini's bar/restaurant/night club in Miami, Florida. That day, Defendants Huerta and Fleites, who are Miami–Dade County police officers, were of the incidents at issue, Huerta and Fleites were in an off-duty status. Huerta and Fleites' actions fell within the purview of the permit for off-regular-duty police services or on the permit holder's (Blue Martini's) premises.

On October 3, 2010, Plaintiffs were engaged in a discussion in the area of the mall adjacent to Blue Martini's bar/restaurant/night club. Defendant Huerta and another Miami–Dade police officer, who was also working the security detail for Blue Martini, came from the entrance of the bar/restaurant/night club and confronted Plaintiff Gustavo Martinez about his discussion with his sister, Plaintiff Elsa Martinez. As Plaintiff Gustavo Martinez backed away from the officers, Defendant Fleites came from the side of Gustavo Martinez and hurled himself into the air so as to knockdown Gustavo Martinez. No instructions or orders had been given to Gustavo Martinez prior to that. Defendant Fleites did not actually knock Gustavo Martinez to the ground. However, after Fleites' attempt to do so, another officer physically forced Gustavo Martinez to the ground face first. While on the

ground, Plaintiff Gustavo Martinez was struck in the head with several closed fist strikes by Defendant Huerta. After the officers placed Gustavo Martinez in handcuffs, Defendant Huerta grabbed Plaintiff Elsa Martinez by the neck and slammed her onto a nearby bench. The officers then arrested both Plaintiffs and charged them with resisting arrest. Elsa Martinez's arrest report states that Elsa Martinez attempted to stop the arrest of her brother by pulling on Officer Huerta by his shoulder. Gustavo Martinez's arrest report states that he pushed his sister against a wall and that he ignored officers' commands to stop the pushing and to place his hands behind his back. Plaintiffs allege that this information in the arrest reports is false.

Blue Martini has submitted the Off–Regular–Duty Police Service Permit Application (Application) submitted by Blue Martini to the Miami–Dade Police Department in order to hire off-duty police officers to work the security detail. The Application states:

> [A] police officer performing off-regular-duty service who takes police action falling within the purview, or on the permit holder's premises, shall remain in an off-regular-duty service status for the duration of time it takes to complete the processing of such action ... However, an officer taking police action outside the purview of the permit, or off the permit holder's premises, will revert to an on-duty basis.

DE–49–1. The Application states that the location of the police services is "Breeze Way Area." The Application also states that the "applicant is restricted to the general assignment of duties to be performed and has no authority over the police personnel."

---

1. Miami–Dade County has incorporated portions of the complaint into its cross-claim.

Miami–Dade County's three-count cross-claim alleges that (1) Miami–Dade County is entitled to contribution from Blue Martini pursuant to Florida Statutes, section 768.31; (2) Miami–Dade County is entitled to indemnification from Blue Martini pursuant to Florida Statute, section 30.2905; and (3) Blue Martini's failure to indemnify is in bad faith which entitles Miami–Dade County to punitive and compensatory damages. Blue Martini moves to dismiss all three claims.

## II. Motion To Dismiss Standard

The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the facial sufficiency of a complaint. The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. It should be read alongside Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

When a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff. *American United Life Ins. Co. v. Martinez,* 480 F.3d 1043, 1066 (11th Cir.2007). However, once a court "identifies pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," it must determine whether the well-pled facts "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129

S.Ct. 1937, 173 L.Ed.2d 868 (2009). A complaint can only survive a 12(b)(6) motion to dismiss if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the [factual] allegations in the complaint are true." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. However, a well-pled complaint survives a motion to dismiss "even if it strikes a savvy judge that actual proof of these facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955.

## III. Discussion

### A. Miami–Dade County Has Adequately Pled a Claim for Contribution

■ Blue Martini seeks to dismiss Miami–Dade County's claim for contribution arguing that claims for contribution have become obsolete as a result of Florida Statute, section 768.81. Section 768.81(3) states that "In a negligence action, the court shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability." Miami–Dade County responds that section 768.81(3) does not apply to the instant action because it is not a negligence action, it is based on intentional torts. A review of the complaint indicates that of the fifteen counts only two are for negligence and the rest are based on intentional actions. Furthermore, the negligence claims are against Blue Martini. Thus, the Miami–Dade County's contribution claim is not based on underlying claims of negligence. Consequently, section 768.81(3) does not apply.

■ Blue Martini also seeks to dismiss Miami–Dade County's contribution claim arguing that, at the time of the incident, Officers Huerta and Fleites were acting

outside the scope of the Application and, thus, were in an on-duty capacity. In support of this argument, Blue Martini raises essentially the same argument that it raised in its Motion to Dismiss Plaintiffs' Complaint [DE–20], that the actions occurred off Blue Martini's premises. The Court previously rejected this argument in its Order denying Blue Martini's Motion to Dismiss [DE–42]. As the Court stated in its earlier Order:

> the Application states that the location of the police services will be the "breeze way area," which is the area of the mall adjacent to Blue Martini, not the interior of the bar/restaurant/night club. Thus, based on the allegations in the complaint and the Application, the officers did not act outside the purview of the permit.

*See* DE–20 at 4. Consequently, for purposes of a motion to dismiss, Officers Huerta and Fleites had not reverted to on-duty status because they were not acting outside of the purview of the Application. Accordingly, Blue Martini's motion to dismiss Miami–Dade County's contribution claim is denied.

### B. Miami–Dade County Has Adequately Pled a Claim for Indemnification

■ Blue Martini seeks to dismiss Miami–Dade County's indemnity claim because the statute on which Miami–Dade County relies does not give rise to a right to indemnification. Florida Statute, section 30.2905 states, in pertinent part:

> (1) A sheriff may operate or administer a program to contract for the employment of sheriffs deputies, during off-

duty hours, for public or private security services.

> (2)(a) Any such public or private employer of a deputy sheriff shall be responsible for the acts or omissions of the deputy sheriff while performing services for that employer while off duty, including workers' compensation benefits.

Blue Martini argues that this statute does not expressly provide for indemnification and, thus, Miami–Dade County's claim must be dismissed.[2] In response, Miami–Dade County argues that, while the statute does not expressly use the word "indemnity," the clear intention of the statute is that the private employer should be responsible for the officers' act or omissions while acting on behalf of the private employer.

Blue Martini has offered no authority to support its interpretation of section 30.2905. Nor has it offered an alternative meaning to the phrase "shall be responsible for the acts or omissions." The plain meaning of the phrase would include an obligation of indemnification for acts or omissions taken by the officers while providing off-duty services to Blue Martini. Thus, for purposes of a motion to dismiss, Blue Martini has not met its burden, as the moving party, of establishing that Miami–Dade County has no right to indemnification under the statute.

Blue Martini also argues that Miami–Dade County's indemnification claim should be dismissed because Miami–Dade County has failed to allege the elements of a common law indemnification claim. However, given that the County has alleged an indemnification claim based on statute, the Court need not reach this argument. Consequently, the motion to dis-

---

**2.** Blue Martini further argues that even if the statute does create a right to indemnification it does not apply because the officers were acting in an on-duty capacity. Given that the

Court has previously addressed and rejected this argument, here and in an earlier order, it will not address it again.

miss Miami–Dade County's indemnification claim is denied.

### C. Miami–Dade County's Bad Faith Claim is Dismissed

■ Finally, Blue Martini seeks to dismiss Miami–Dade County's bad faith claim. Blue Martini argues that there is no common law first-party bad faith claim in Florida. Blue Martini further argues, given that the claim is predicated on the failure to indemnify and Blue Martini had no duty to indemnify, the bad faith claim must be dismissed. The County responds that Blue Martini's argument fails because Blue Martini has a duty to indemnify the County. However, Miami–Dade County has not addressed whether Florida recognizes a common law bad faith claim. As Blue Martini points out the Florida Supreme Court has noted that "it is clear that there is no common law first-party bad-faith action in Florida." *QBE Insurance Corp. v. Chalfonte Condominium Apartment* "first-party bad-faith action in Florida." *QBE Insurance Corp. v. Chalfonte Condominium Apartment Association, Inc.,* 94 So.3d 541, 547 (Fla.2012). Thus, Miami–Dade County has failed to state a cause of action and the claim must be dismissed.

Accordingly, it is

ORDERED that Blue Martini Kendall, LLC and Blue Martini Kendall, Inc.'s Motion to Dismiss Miami–Dade County's Cross–Claim [DE–49] is GRANTED in part and DENIED in part:

1. The Motion is DENIED as to Counts I and II for contribution and indemnification.

2. The Motion is GRANTED as to Count III for bad faith.

